1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Lorenzo Medina, | ) | No. CV 05-1298 PHX DGC (JM) |
|                   Petitioner, | ) | |
| | ) | **REPORT AND** |
| v. | ) | **RECOMMENDATION** |
| | ) | |
| Dora B. Schriro, et al., | ) | |
| | ) | |
| | ) | |
|                   Respondents. | ) | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] filed pursuant to 28 U.S.C. § 2254.  In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation.  As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, dismiss the Petition as untimely.

## I.    Procedural Background

On September 1, 1999, the Maricopa County Grand Jury indicted Petitioner on two counts: burglary in the third degree, a class 4 felony (Count 1); and theft, a class 6 felony (Count 2).  *Answer to Petition for Writ of Habeas Corpus* ("*Answer*"), Exhibit F.  After a three day trial, the jury found Petitioner guilty on both counts.  *Id.*, Exhibits L & M.  On May 24, 2000, the trial court sentenced Petitioner to a term of 10 years' imprisonment on Count 1 and a term of 10 years' imprisonment on Count 2.  *Id.*, Exhibits N & O.  The court ordered the sentences to run concurrently.  *Id.*

Petitioner filed a timely notice of appeal on May 24, 2000. *Id.*, Exhibit P. On November 13, 2000, Petitioner, who was represented by counsel, filed his opening brief. *Id.*, Exhibit Q. In the brief, Petitioner presented one issue for review: "Was it harmless error to inform the jury that [Petitioner] was previously convicted of a crime?" *Id.*, p. 4. The State filed its answering brief on December 21, 2000. *Id.*, Exhibit R. Petitioner filed his reply brief on January 16, 2001. *Id.*, Exhibit S. The Arizona Court of Appeals found that the error was cured and the Petitioner's right to a fair trial was not prejudiced. *Id.*, Exhibit T, p. 5.

On May 11, 2001, Petitioner filed a timely notice of post-conviction relief. *Id.*, Exhibit U. The court appointed Petitioner post-conviction relief counsel. *Id.*, Exhibit V. On October 4, 2001, appointed counsel filed a notice with the court indicating he was of the opinion that there were no grounds to file a Rule 32 petition, and requested and extension of time for Petitioner to file a pro se petition pursuant to *Montgomery v. Sheldon*, 181 Ariz. 256, *supplemented*, 182 Ariz. 118 (1995). *Answer*, Exhibit W. Petitioner then filed a pro se petition for PCR. *Id.*, Exhibit X. On February 4, 2002, the State filed a response to Petitioner's petition, *id.*, Exhibit Y, and on February 22, 2002, Petitioner filed his reply, *id.*, Exhibit Z. The trial court concluded that the petition did not present a colorable claim for post-conviction relief and summarily dismissed the petition. *Id.*, Exhibit AA.

On May 10, 2002, Petitioner filed a petition for review of his post-conviction relief petition by the Arizona Court of Appeals. *Id.*, Exhibit BB. The State filed a response to the petition for review, *id.*, Exhibit CC, and Petitioner filed a reply, *id.*, Exhibit DD. On March 2, 2004, the Arizona Court of Appeals issued its order denying review. *Id.*, Exhibit EE. On May 2, 2005, Petitioner filed the pending petition for writ of habeas corpus. *Id.*, Exhibit F.

1

**II.     Discussion**

2

**A.     AEDPA Statute of Limitations**

3      The AEDPA imposes a one year period of limitation on petitioners seeking to file a

4 federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, section

5 2244, subdivision (d) provides:

6          (1) A 1-year period of limitation shall apply to an application for a writ of
           habeas corpus by a person in custody pursuant to the judgment of a State court.
7          The limitation period shall run from the latest of –

8              (A) the date on which the judgment became final by the
               conclusion of direct review or the expiration of the time for
9              seeking such review:

10             (B) the date on which the impediment to filing an application
               created by State action in violation of the Constitution or laws
11             of the United States is removed, if the application was prevented
               from filing by such State action;
12
               (C) the date on which the constitutional right asserted was
13             initially recognized by the Supreme Court, if the right has been
               newly recognized by the Supreme Court and made retroactively
14             applicable to cases on collateral review; or

15             (D) the date on which the factual predicate of the claim or
               claims presented could have been discovered through the
16             exercise of due diligence.

17         (2) The time during which a properly filed application for State post-
           conviction or other collateral review with respect to the pertinent judgment or
18         claim is pending shall not be counted toward any period of limitation under
           this subsection.
19
20 U.S.C. § 2244(d).

20

21      In addition to the statutory tolling periods provided in section 2244(d)(2), equitable

22 tolling may be available if "extraordinary circumstances beyond a prisoner's control" made

23 it impossible for the petition to be filed on time.  *Calderon v. U.S. Dist. Ct. (Kelly)*, 163 F.3d

24 530, 541 (9th Cir. 1998), citing, *Alvaraz-Machain v. United States*, 107 F.3d 696, 701 (9th Cir.

25 1996).  "When external forces, rather than a petitioner's lack of diligence, account for the

26 failure to file a timely claim, equitable tolling of the statute of limitations may be

27 appropriate." *Id.*

28

1

**B.     The Court's Docket Indicates the Petition Was Not Timely Filed.**

2

Petitioner's direct appeal became final on May 12, 2001, thirty days after April 12,

3

2001, the date on which the Court of Appeals issued its memorandum decision.  *Answer*,

4

Exhibit T.  The running of the limitations period did not commence, however, because

5

Petitioner filed a notice of post-conviction relief on May 11, 2001.  *Id.*, Exhibit U.  The one

6

year limitation thus did not begin to run until the Arizona Court of Appeals denied his

7

petition for review of the denial of his petition for post-conviction relief on March 2, 2004.

8

*Id.*, Exhibit EE.  Petitioner then had until March 2, 2005, to file a federal petition for writ of

9

habeas corpus.  The docket reflects that the petition was not filed until May 2, 2005, two

10

months after the expiration of the statute of limitations.

11

Despite the apparent untimeliness of the filing of the petition, Respondents do not

12

challenge the petition on this basis.  Instead, they note that, while the Court did not receive

13

the petition until May 2, 2005, "Petitioner dated his petition for writ of habeas corpus June

14

22, 2004 . . . ."  *Answer*, p. 4, n. 1.  Relying on June 22, 2004, as the filing date, Respondents

15

then conclude the petition was timely filed.  *Id.*, p. 7.  This concession is not, however,

16

binding on the Court.  In *Day v. McDonough*, 126 S.Ct. 1675 (2006), the Supreme Court held

17

that "district courts are permitted, but not obligated, to consider, *sua sponte*, the timeliness

18

of a state prisoner's habeas petition."  *Id.* at 1684.

19

Before dismissing, or in this case recommending dismissal, on this basis, "a court

20

must accord the parties fair notice and an opportunity to present their positions."  *Id.*  The

21

petitioner then has the burden of demonstrating that he is entitled to statutory or equitable

22

tolling.  *See Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002).  As such, by order dated

23

August 28, 2006, the Magistrate Judge allowed Petitioner thirty (30) days to satisfy his

24

burden of establishing timeliness under 28 U.S.C. § 2244(d).   As reflected in the docket,

25

Petitioner has not filed a response to the Court's order and has therefore failed to satisfy this

26

burden.

27

28

1       **Accordingly,**

2       **THE MAGISTRATE JUDGE RECOMMENDS** that the District Court, after its

3 independent review, **dismiss** Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1]

4 as untimely.

5       This Recommendation is not an order that is immediately appealable to the Ninth

6 Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

7 Appellate Procedure, should not be filed until entry of the District Court's judgment.

8       However, the parties shall have ten (10) days from the date of service of a copy of this

9 recommendation within which to file specific written objections with the District Court. *See*

10 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure.

11 Thereafter, the parties have ten (10) days within which to file a response to the objections.

12 If any objections are filed, this action should be designated case number: **CV 05-1298-PHX-**

13 **DGC**. Failure to timely file objections to any factual or legal determination of the Magistrate

14 Judge may be considered a waiver of a party's right to *de novo* consideration of the issues.

15 *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

16       DATED this 2nd day of November, 2006.

17

18

19

20                                         Jacqueline Marshall

                                        United States Magistrate Judge

21

22

23

24

25

26

27

28